UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JOHN C. PARRY** | **CIVIL ACTION NO:** |
| vs. | 3:19-cv-1548 |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | **OCTOBER 1, 2019** |

## COMPLAINT

COMES NOW, Plaintiff, John C. Parry, and makes the following representation to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long-Term Disability benefits due under an employee benefits plan and for Defendant's violation of the Employee Retirement Security Act of 1974 ("ERISA"):

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff John C. Parry, ("Plaintiff") was and still is a resident of the State of Connecticut.

2. Upon information and belief, at all times hereinafter mentioned, Defendant The Lincoln National Life Insurance Company ("Lincoln") ("Defendant") is a for-profit corporation incorporated under the laws of the state of Indiana with its home office at 1300 South Clinton St., Fort Wayne, Indiana.

3. Defendant may be found in the District of Connecticut.

## JURISDICTION AND VENUE

4.  Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

5.  Venue in the District of Connecticut is appropriate because Plaintiff resides in this judicial district and the defendant may be found in this district.

6.  Pursuant to 28 U.S.C. §1391(a)(1) and §1391( c ), this action is properly venued in the District of Connecticut.

## FACTS

7.  At all relevant times hereinafter mentioned, Plaintiff was an employee of ForgeRock US, Inc. ("ForgeRock").

8.  At all relevant times hereinafter mentioned, Plaintiff worked as a Large Accounts Regional Manager for ForgeRock.

9.  During Plaintiff's employment with ForgeRock, Defendant issued long term disability group policy 000950159391000000 (hereinafter the "Policy").

10. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible ForgeRock employees in exchange for the payment of premiums by ForgeRock and/or the employees.

11. At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued to ForgeRock.

12. Said policy issued to ForgeRock provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or illness.

13.     According to the Policy, an insured employee is considered disabled if due to sickness or injury he or she is not able to perform his or her own occupation for a period of 36 months.  After the first 36 months of disability, an insured employee is considered disabled if due to sickness or injury, he or she is not able to engage in any occupation.

14.     On or about April 15, 2016, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

15.     Plaintiff's disability is caused by, among other things, non-alcoholic cirrhosis, complications resulting from a total right knee replacement and coronary artery disease.

16.     Plaintiff filed an application for long term disability benefits under the Policy and was approved to receive benefits commencing on July 15, 2016, once the 90 day elimination period required by the policy had been completed.

17.     On July 25, 2018, Defendant issued a letter to Plaintiff terminating his long term disability benefits effective that same date.

18.     Plaintiff filed two administrative appeals of the termination of his long term disability benefits.

19.     On March 7, 2019, Defendant denied Plaintiff's first administrative appeal and, on August 22, 2019, Defendant denied Plaintiff's second administrative appeal.

20.     As of this date, Plaintiff continues to be disabled in that as a result of his medical conditions he is unable to perform his own occupation of as a Large Accounts Regional Manager.

21.     Despite Plaintiff's continued disability, Defendant has denied benefits to Plaintiff

and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

22. Said refusal on the part of Defendant is a willful and wrongful breach of the policy terms and conditions.

23. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

24. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

25. Defendant's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the reliance upon a selective review of vocational records to reach a result oriented claim determination.

26. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

27. Plaintiff has exhausted all administrative appeals and remedies under the policy and the law.

28. Plaintiff is entitled to a de novo review of his claim.

WHEREFORE, Plaintiff John C. Parry prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

    a) Plaintiff is disabled pursuant to the language and within the meaning of the

subject policy of insurance issued by Defendant in that he is unable to perform his own occupation.

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains disabled, subject to the applicable benefit period in the policy;

d) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

f) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

g) Such other and further relief as the Court may deem just and proper.

PLAINTIFF

By __/S/_Iván A. Ramos_______________

Iván A. Ramos (ct#14122)
RamosLaw
255 Main Street, Suite 401
Hartford, Connecticut 06106
Tel. (860) 519-5242
Fax. (860) 838-6403
ivan@ramosdisability.com